William V. Schmidt Co., Inc., Respondent, v. Hilton Hotels Corporation, Appellant.

First Department, May 14, 1963.

*John F. Gilligan* of counsel (*John H. Sherry,* attorney), for appellant.

*Solomon M. Cheser* of counsel (*Benjamin L. Tell* with him on the brief; *Tell, Cheser, Werner & Breitbart,* attorneys), for respondent.

BERGAN, J.   In this action to recover for property valued at $96,310.95 delivered for safekeeping by plaintiff's salesman to defendant as a hotelkeeper in Albuquerque, New Mexico, while he was a hotel guest, defendant appeals from an order denying its motion to dismiss the complaint.

A New Mexico statute (§ 49–6–1 [1953 Compilation]) limits a hotelkeeper's liability for loss of a guest's property to $1,000; and defendant has made an offer of judgment in this amount.

One of the causes alleged in the complaint is that " defendant converted " the property left in its care.   If it is established on the trial that the defendant itself stole the property, it is open to grave doubt that it may successfully limit its liability to the statutory formula.

Entirely aside from what New York would do as a matter of policy with such a claim of liability, it is not entirely clear from the language of the New Mexico statute or from its judicial interpretation in that State that a hotelkeeper, himself a thief, could gain the statutory immunity.

The limited liability is created in the literal words of the statute when the loss " is caused by the theft or negligence of a hotel keeper or his servants ".   If the words " or negligence " are held aside for the moment, the statute would read " by the theft * * * of a hotel keeper ".   If the sense intended was

theft by a hotelkeeper the definite article " the " and the preposition " of " would not ordinarily be used; whereas " the " and " of " would be common contextual usage in " the negligence of a hotel keeper ".

Hence it seems probable that " theft " was inappropriately placed in the sentence and the intention was to cover theft from the hotelkeeper's possession. We would not readily attribute to New Mexico the quite unusual legislative intention of limiting recovery by the true owner of stolen property on the thief's plea.

The Supreme Court of New Mexico in *Weiser* v. *Albuquerque Oil & Gasoline Co.* (64 N. M. 137) had this statute before it; but it was not established there that the hotelkeeper stole the property, and the dictum of the court in discussing an abstract point advanced by counsel is not addressed to the facts in the case there decided and the decision is not necessarily to be read as a holding that the statute limits liability for a hotelkeeper's own conversion.

The order should be affirmed, with costs.

BREITEL, J. P., RABIN, STEVENS and EAGER, JJ., concur.

Order entered on May 1, 1962 unanimously affirmed, with $20 costs and disbursements to the respondent to abide the event.